IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THOMAS SAVOCA,

    Movant,

v.                                                    Case No. 2:16-cv-06666
                                                       Case No. 2:03-cr-00194-1

UNITED STATES OF AMERICA,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 293). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

On August 20, 2003, Movant, Thomas J. Savoca (hereinafter "Defendant"), was indicted on one count of aiding and abetting aggravated bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2 (Count One) and one count of aiding and abetting the brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2 (Count Two). (ECF No. 18). On March 4, 2004, Defendant was convicted by a jury of both counts after a three-day trial. (ECF No. 99).

On October 13, 2004, Defendant was sentenced to a 216-month term of imprisonment on Count One and a consecutive term of 168 months in prison on Count Two, for a total term of imprisonment of 384 months, followed by a five-year term of supervised release, and was ordered to pay a $200 special assessment. (ECF No. 131).[1]

Defendant's sentencing guideline calculation included an enhancement under USSG § 4B1.1 for being a career offender, because he had two prior felony convictions that qualified either as a controlled substance offense or a crime of violence, as defined in USSG § 4B1.2.[2]

Defendant unsuccessfully appealed his sentence to the United States Court of Appeals for the Fourth Circuit, and his petition for a writ of certiorari was denied by the Supreme Court on February 21, 2006. On July 21, 2006, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was denied on July 11, 2008. (ECF Nos. 197, 243, 244). Defendant's Rule 59(e) motion was also denied. (ECF Nos. 245, 252).

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA and, therefore, announced a new substantive rule that applies retroactively to cases on collateral review.

---

[1] An Amended Judgment was entered on December 9, 2004 to correct a clerical error. (ECF No. 155).
[2] Specifically, Defendant had three prior armed bank robbery convictions. (ECF No. 289 at 14-16, ¶¶ 50-52).

On July 26, 2016, Defendant was granted authorization by the Fourth Circuit to file a second or successive § 2255 motion. (ECF Nos. 291, 292). The instant § 2255 motion was docketed that same date. (ECF No. 293).

On September 8, 2016, the Office of the Federal Public Defender ("FPD") was appointed to represent Defendant. (ECF No. 298). However, on September 15, 2016, the FPD was permitted to withdraw and attorney John A. Carr was appointed to represent Defendant. (ECF No. 302). On October 13, 2016, the presiding District Judge stayed this matter pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. (ECF No. 307). That stay was lifted by the presiding District Judge on March 10, 2017. (ECF No. 317).

On August 3, 2018, despite being represented by counsel, Defendant filed a *pro se* letter-form motion to supplement his second § 2255 motion (ECF No. 346), but failed to provide a proposed supplemental motion or in any way indicate how he intended to supplement his authorized motion. Thus, that motion should be denied. Because it is clear from the face of the section 2255 motion that Defendant is not entitled to any relief under section 2255, the undersigned has not required any additional briefing from the parties and the motion is ripe for summary adjudication.

## ANALYSIS

### A.  Defendant is not entitled to any relief under § 2255 concerning his career offender enhancement.

Defendant's instant § 2255 motion asserts that the career offender enhancement under USSG § 4B1.1 was unconstitutionally applied to his sentence. His motion states:

> CAREER OFFENDER GUIDELINE UNDER 4B1.1 APPLIED AND IMPOSED 384 MONTHS WAS UNCONSTITUTIONALLY VAGUE UNDER THE "JOHNSON" SUPREME COURT DECISION RENDERED U.S.S.G. 4B1.1 CAREER OFFENDER UNDER "ACCA" UNCONSTITUTIONALLY

3

VAGUE WHERE U.S. DISTRICT COURT IMPOSED 384 MONTHS IMPRISONMENT BASED ON PRIOR CONVICTIONS WHICH WERE A CRIME OF VIOLENCE "RESIDUAL CLAUSE." (See Additional pages attached).

(ECF No. 293 at 5). Thus, it appears that Defendant is arguing that the Supreme Court's decision in *Johnson* should be extended to the residual clause of the career offender guideline, that his prior crimes were only considered violent felonies under the residual clause, and that he should be resentenced without the career offender enhancement.

Defendant argues that the decision in *Johnson* also invalidates the residual clause contained in USSG § 4B1.2(a)(2), which is used to determine whether a prior conviction is a "crime of violence" for the purpose of the career offender enhancement. However, that issue has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

On August 21, 2017, the Fourth Circuit issued a decision in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), holding that *Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to the ACCA's invalidated residual clause, and, thus, there is no "recognized" right to retroactive collateral review of a

Guideline sentence thereunder. Therefore, *Johnson* is inapplicable to Defendant's career offender guideline enhancement and affords him no relief.

> **B.     Defendant is not entitled to relief under s 2255 concerning his § 924(c) conviction.**

Although not specifically addressed in his § 2255 motion, to the extent that Defendant also seeks to pursue relief under § 2255 concerning his conviction under 18 U.S.C. § 924(c) for brandishing a firearm during a crime of violence, the undersigned will address the validity of that conviction after the Supreme Court's decisions in *Johnson* and *United States v. Davis*, 139 S. Ct. 2319 (2019).

On April 17, 2018, the Supreme Court issued its opinion in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018), holding that the nearly-identical residual clause contained in 18 U.S.C. § 16(b) is void for vagueness under an analysis similar to that used in *Johnson* to invalidate the ACCA's residual clause. More importantly, on June 24, 2019, the Supreme Court extended the *Johnson* vagueness analysis to the similar residual clause contained in 18 U.S.C. § 924(c)(3)(B).

In *Davis*, the Court rejected the government's argument that § 924(c)(3)(B)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. *Id.* at 2327-2336. Thus, the Court determined that, similar to the ACCA, § 924(c)(3) requires a categorical approach to determining whether a crime meets either the force clause contained in subsection (A) or the residual clause contained in subsection (B). Therefore, for the same reasons found by the Court in *Johnson*, the residual clause contained in § 924(c)(3)(B) has been declared void for vagueness. *Id.* at 2336; *see also United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (finding that the residual clause of section 924(c) is unconstitutionally vague based upon *Dimaya*).

5

Because the new substantive rule recognized by the Supreme Court in *Johnson*, which was declared retroactive by the Court in *Welch*, has been extended by the Court to § 924(c)(3)(B) in *Davis*, it should also be considered to be retroactive on collateral review based upon *Welch*. 136 S. Ct. at 1259 ("new substantive rules do apply retroactively"); *see also United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) ("2255 does not require that the initial retroactivity question be decided in the affirmative *only* by the Supreme Court.") Accordingly, the undersigned will consider *Davis* to be retroactive on collateral review and will review Defendant's § 924(c) conviction and sentence thereunder.

Because Defendant's present motion was filed within one year of the Supreme Court's decision in *Johnson*, which first set forth the new substantive rule, the undersigned proposes that the presiding District Judge **FIND** that his *Johnson*-based challenge to his § 924(c) conviction is timely under 28 U.S.C. § 2255(f)(3) ("The [one-year] limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

However, even presuming that *Davis* is retroactive on collateral review and Defendant's motion is timely filed, armed bank robbery is still, categorically, a crime of violence under § 924(c)'s force clause. *See United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (armed bank robbery in violation of 18 U.S.C. § 2113(a) and § 2113(d) is a crime of violence). Moreover, to the extent that Defendant was charged with aiding and abetting his crimes, that does not affect the finding that he was convicted of a crime of violence in which a firearm was used.

The Fourth Circuit has specifically found that, "[a]iding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010); *see* 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *United States v. Barefoot*, 754 F.3d 226, 239 (4th Cir. 2014); *United States v. Jaensch*, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals."). Therefore, where the principal offense is a crime of violence, those who aided and abetted the offense have also committed a crime of violence. *See, e.g., United States v. Brayboy*, 789 Fed. Appx. 384 (4th Cir. 2020) (rejecting, on plain error review, petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)); *see also; United States v. Richardson*, 2020 WL 413491 (6th Cir. Jan. 27, 2020); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. McKelvey*, 773 Fed. Appx. 74, 75 (3d Cir. 2019).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that aiding and abetting armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2 is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), that Defendant was properly convicted of a violation of 18 U.S.C. § 924(c)(1)(A), and that his mandatory minimum sentence of seven years for brandishing a firearm during a crime of violence is not in excess of the maximum authorized by law or imposed in violation of the Constitution or laws of the United States. Therefore, Defendant is not entitled to any collateral relief under § 22555 on this basis.

## **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 293) and his *pro se* letter-form motion to supplement (ECF No. 346), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

October 8, 2020

Dwane L. Tinsley
United States Magistrate Judge

9